## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANNY L. JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **CIVIL NO.  03-719-GPM** |
| | ) |
| **CHARLES RUBRIGHT, JERI BYERLEY,** | ) |
| **and LARRY BROEKING,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff Danny Johnson, an inmate in the Menard Correctional Center, brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Johnson previously was

granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as

ordered.

This case now is before the Court for a preliminary review of the complaint pursuant to

28 U.S.C. § 1915A, which provides:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint--
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such
> > relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and, thus, subject to summary dismissal.

Johnson alleges that while he was in custody of the Marion, Illinois, police department, Defendant Rubright "intentionally used malicious and physical abuse while [Johnson] was handcuffed," causing unspecified injuries to Johnson, in violation of his rights under the Eighth Amendment.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 6-7.  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. … [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Although Johnson's claim against Rubright is brief, the Court is unable to dismiss this claim at this point in the litigation.  *See* 28 U.S.C. § 1915A.

Johnson next states that within the context of his criminal prosecution in Williamson County on unspecified charges, he sought to file a counterclaim against his accuser. Defendant Byerley, an assistant state's attorney in Williamson County, declined to file charges against that unspecified person, so Johnson now seeks aggregate damages of $1,000,000 against Byerley. However, "[i]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Therefore, Johnson's claim against Byerley is dismissed from this action with prejudice.

Finally, Johnson also is upset with Defendant Broeking, his state-appointed defense attorney, for his failure to zealously represent Johnson, although it is unclear from the complaint whether Johnson refers to Broeking's representation of Johnson on the criminal charges, or whether this claim involves the incident with Rubright. For Broeking's shortcomings, Johnson also seeks $1,000,000 in aggregate damages, but the Supreme Court has held that a public defender does not act under color of law when performing the traditional function of an attorney for an indigent party to a state criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). *See also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995). Therefore, Johnson's claim against Broeking is dismissed from this action with prejudice.

**IT IS HEREBY ORDERED** that Defendants **BYERLEY** and **BROEKING** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **RUBRIGHT**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **RUBRIGHT** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

If Defendant Rubright is no longer employed by the Marion Police Department, the Department shall furnish the Marshal with Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file a returned waiver of service as well as any request for waiver of service that is returned as undelivered as soon as it is received.  If a waiver of service is not returned by Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons; the Clerk shall then prepare such summons as requested.

- Personally serve process upon Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if

required.  Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless Defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon Defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED:  06/10/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge